IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILLIAM BRECK MCMULLAN**                                              **PLAINTIFF**

v.                                                     CIVIL NO. 1:25-cv-00152-HSO-BWR

**JOHN LEDBETTER**                                                       **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

## I. BACKGROUND

On January 6, 2025, pro se Plaintiff William Breck McMullan filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. *McMullan v. Ledbetter*, No. 1:25-cv-00005-HSO-RPM (S.D. Miss. Jan. 6, 2025) (Doc. 1). At the time, Plaintiff was a pretrial detainee being housed at the Jackson County Adult Detention Center in Pascagoula, Mississippi. *Id*.

Because he sought both "speedier release" from incarceration and "monetary damages," the Court severed Plaintiff's claims for monetary damages under 42 U.S.C. § 1983 into this lawsuit. Order [1] at 1-2. Plaintiff claims that the prosecution in his underlying criminal case "lied to the Grand Jury to obtain [the] indictment." Pet. [2] at 6. He also claims that the trial court erred by refusing to allow him to dismiss his attorney and by denying him adequate rehabilitative services. *Id*. Plaintiff requests "compensat[ion] for all lost wages at [$150.00] per

day since May 3, 2024." *Id.* at 7.  Plaintiff seeks leave to proceed *in forma pauperis*.  Mot. [3].

While screening this case under 28 U.S.C. § 1915, on May 28, 2025, the Court sent Plaintiff a packet of information relevant to the prosecution of this lawsuit.  Order [4].  Plaintiff was directed to review the information and return one of two forms to the Clerk of Court.  *Id.* at 1.  "[I]f he . . . wants to continue with this case," Plaintiff was directed to "sign the Acknowledgement (Form PSP-3) and return it to the Clerk of Court within thirty (30) days."  *Id.*  "[I]f he . . . wants to dismiss this case," Plaintiff was directed to "sign the Notice of Voluntary Dismissal (Form PSP-4) and return it to the Clerk of Court within thirty (30) days."  *Id.*  Plaintiff was "warned that his . . . failure to return one or the other of the forms within thirty (30) days and his . . . failure to advise this court of a change of address . . . may result in this case being dismissed sua sponte, without prejudice, without further written notice."  *Id.* at 2 (emphasis omitted).  That Order [4] was mailed to Plaintiff at his last-known mailing address, and it was not returned as undeliverable.  Plaintiff did not comply with the Court's Order [4] by the thirty-day deadline.

On July 8, 2025, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with its previous Order [4].  Order [5] at 1.  Plaintiff's responsive deadline was extended to July 22, 2025, and he was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice to him."  *Id.* at 2.  The Order

to Show Cause [5] and the Court's May 28 Order [4] were mailed to Plaintiff at his last-known mailing address, and they were not returned as undeliverable. Plaintiff did not comply with the Court's Orders [5] [4] by the July 22 deadline.

On August 4, 2025, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [5] [4]." Order [6] at 2. Plaintiff was directed to file a written response to that effect on or before August 18, 2025. *Id*. Also by the August 18 deadline, Plaintiff was directed to comply with the Court's May 28 Order [4] "by signing and returning either the Acknowledgement (Form PSP-3) or Notice of Voluntary Dismissal (Form PSP-4)." *Id*. Plaintiff was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to him." *Id*. (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [5] [4]." *Id*. The Second and Final Order to Show Cause [6], a copy of the Order to Show Cause [5], and a copy of the Court's May 28 Order [4] were mailed to Plaintiff at his last-known mailing address, and they were not returned as undeliverable.

To date, Plaintiff has not responded to the Court's May 28, July 8, or August 4 Orders [4], [5], [6], nor has he otherwise contacted the Court about his case since his § 1983 claims were severed from his habeas claims.

3

## II. DISCUSSION

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b).  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630-31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30; *see also, e.g., Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

This case has yet to progress past its infancy due to Plaintiff's failure to comply with the Court's Orders.  Specifically, Plaintiff did not comply with three Court Orders [4], [5], [6], after being warned four times that failing to do so may lead to the dismissal of his case.  *See* Second and Final Order to Show Cause [6] at 2; Order to Show Cause [5] at 2; Order [4] at 2; Notice of Assignment [2-2] at 1.  Despite these warnings, Plaintiff has taken no action in this case for three months, representing a clear record of delay, contumacious conduct, and lack of interest.  It is apparent that Plaintiff no longer wishes to pursue this lawsuit.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile."  *Tello v.*

*Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quotation omitted); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) (finding that "explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket").  Under these circumstances, dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 26th day of August, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE